IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10086
Summary Calendar
_____

VIRLEY BRACKENS; WILLIE BRACKENS,

Plaintiffs-Appellants,

versus

CITY OF ENNIS, TEXAS; ENNIS POLICE DEPARTMENT; ENNIS INDEPENDENT
SCHOOL DISTRICT; THE ELLIS COUNTY NEWSPAPERS, INC., doing
business as The Ennis Daily News; SHERRY WILLIAMS, doing business
as The Press,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2502-H
--------------------

January 3, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Virley and Willie Brackens appeal the district court's

granting of the defendants' Rule 12(b) motions for dismissal and

the granting of the defendants' summary judgment motions.  In

their suit, Mr. and Mrs. Brackens alleged various claims, under

42 U.S.C. §§ 1981, 1983, 1985 and state law, against the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

defendants.  An examination of the record shows that the Brackens have failed to allege or to support an issue that could justify an award in their favor; their arguments are fully and correctly answered by the district court and the judgment is affirmed.

Mr. and Mrs. Brackens argue that the district court improperly dismissed the supplemental state law claims because it was injurious to divide their federal and state claims and that the district court improperly granted summary judgment because genuine issues of material fact existed.  Mr. and Mrs. Brackens did not brief the dismissals of the Ennis Police Department and Sherry Williams, and those claims are abandoned.  See Yohey v. Collins, 985 F.3d 222, 224-25 (5th Cir. 1993).

Summary judgment was proper because there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law.  See Rivers v. Central and South West Corp., 186 F.3d 681, 683 (5th Cir. 1999).  The Ennis Daily News, owned by the Ellis County Newspapers, Inc., cannot be liable for any of Mr. and Mrs. Brackens' claims because it was not in business at the time the alleged constitutional violations took place.  Mr. and Mrs. Brackens' § 1981 and § 1983 claims against the City of Ennis and the Ennis Independent School District fail because they do not identify a policy or custom which caused the constitutional injury and they do not provide evidence in the record of intentional discrimination on the basis of race.  See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701,

735-36 (1989); Gros v. City of Grand Prairie, Texas, 181 F.3d 613, 615 (5th Cir. 1999); Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997). Mr. and Mrs. Brackens' § 1985 claims fail because Mr. and Mrs. Brackens have not demonstrated that the defendants were motivated by an invidious discriminatory animus. See Coleman, 113 F.3d at 533.

The dismissal of the supplemental state law claims was not an abuse of discretion because all of the federal claims were properly dismissed. See Batiste v. Island Records, Inc., 179 F.3d 217, 226 (5th Cir. 1999).

AFFIRMED.